**CLARK HILL LLP**
Myriah V. Jaworski (SBN 336898)
mjaworski@clarkhill.com
Matthew Mejia (SBN 330028)
mmejia@clarkhill.com
505 Montgomery Street, 13th Floor
San Francisco, CA 94111
Telephone: (619) 557-0404
Facsimile: (619) 557-0460

*Attorneys for Defendant Interplay Learning, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FORREST ALLEN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERPLAY LEARNING, INC., a Delaware Corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 3:25-cv-08628-JD<br><br>**DEFENDANT'S NOTICE OF MOTION AND RULE 12(B)(2) MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF ANDREW KAUSER; [PROPOSED] ORDER**<br><br>Date: February 5, 2026<br>Time: 10:00 AM<br>Ctrm: Courtroom 11 – 19th Floor<br>Judge: James Donato<br><br>Trial Date: None Set |

**<u>NOTICE OF MOTION AND MOTION TO DISMISS</u>**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 5, 2026 at 10:00 A.M. or as soon thereafter as the matter may be heard, before the Honorable James Donato, in Courtroom 11 (Fl. 19) of the above-entitled Court, located at San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Interplay Learning, Inc. ("Interplay" or "Defendant"), by and through its attorneys of record, will and hereby move for an order dismissing the Complaint, [ECF No. 1] ("Complaint" or "Compl."), with prejudice pursuant to Rules 12(b)(2) of the Federal Rules of Civil Procedure ("FRCP").

This motion is based upon the following memorandum of points and authorities, the declaration of Andrew Kauser, Interplay's Chief Operating Officer, dated December 8, 2025 ("Kauser Decl."), a proposed order; the complete files and records in this action; the argument of counsel; and such other matters as the Court may consider.

Dated: December 8, 2025

CLARK HILL LLP

By: */s/ Myriah Jaworski*
Myriah V. Jaworski

*Attorneys for Defendant Interplay Learning, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 2

III. LEGAL STANDARD ........ 3

IV. ARGUMENT ........ 4

A. Interplay is Not Subject to General Personal Jurisdiction in California. ........ 4

B. Interplay is Not Subject to Specific Personal Jurisdiction in California. ........ 5

1. There is No Purposeful Direction of Conduct by Interplay Toward California. ........ 5

2. Plaintiff's Alleged Injuries Do Not Arise Out of or Relate to Interplay's Forum-Related Activities. ........ 7

3. Exercising Specific Jurisdiction Over Interplay Does Not Comport with Fair Play and Substantial Justice. ........ 9

V. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017) ....................5

*BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402 (2017)....................4, 5

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) ....................3

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)....................9

*Butcher's Union Local No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535 (9th Cir. 1986) ....................4

*Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126 (9th Cir. 1995) ....................3

*Daimler AG v. Bauman*, 571 U.S. 117 (2014)....................4

*Dole Food Co. v. Watts*, 303 F.3d 1104 (9th Cir. 2002) ....................6, 9, 10

*Found. for Anime & Niche Subcultures v. Texas Anime Conventions*, 769 F.Supp.3d 1034 (N.D. Cal. 2025)....................5

*Fudge v. Delta Air lines, Inc.*, No. 2:24-cv-04531 HDV SSC, 2024 WL 4445985, at *3 (C.D. Cal. Oct. 4, 2024)....................6

*Great W. Casinos, Inc. v. Morongo Band of Mission Indians*, 74 Cal. App. 4th 1407 (1999) ....................4

*Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 693 (2024)....................5, 6, 7

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)....................3, 4

*Licea v. Blue Apron*, 2025 WL 487198 (Cal. Super. Ct. Feb. 5, 2025)....................7, 8

*Licea v. Caraway Home Inc.*, 655 F. Supp. 3d 954 (C.D. Cal. Feb. 9, 2023) ....................8

*Martinez v. Aero Caribbean*,
764 F.3d 1062 (9th Cir. 2014) ....................3

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
647 F.3d 1218 (9th Cir. 2011) ....................3, 6

*Menken v. Emm*,
503 F.3d 1050 (9th Cir. 2007) ....................10

*In re Packaged Seafood Products Antitrust Litig.*,
338 F.Supp.3d 1118 (S.D. Cal. 2018)....................3

*Pebble Beach Co. v. Caddy*,
453 F.3d 1151 (9th Cir. 2006) ....................3

*Picot v. Weston*,
780 F.3d 1206 (9th Cir. 2015) ....................6

*Ranza v. Nike, Inc.*,
793 F.3d 1059 (9th Cir. 2015) ....................4, 5

*Rio Props., Inc. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002) ....................6

*Rodriguez v. Aquatic Sales Solutions, LLC*,
2024 WL 2804097 (C.D. Cal. May 29, 2024) ....................3

*Rounds v. Case-Mate Inc.*,
No. 2:24-CV-08531-WLH-RAO, 2025 WL 1873999 (C.D. Cal. July 2, 2025) ....................6, 8

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ....................3, 7

*Scott v. Breeland*,
792 F.2d 925 (9th Cir. 1986) ....................3

*Shah v. Hilton Worldwide Holdings Inc.*,
No. 25-CV-01018-EKL, 2025 WL 1683577 (N.D. Cal. June 11, 2025)....................7

*Shisler v. Sanfer Sports Cars, Inc.*,
146 Cal. App. 4th 1254 (2006) ....................9

*Walden v. Fiore*,
571 U.S. 277 (2014)....................5, 7, 8

*Yamashita v. LG Chem, Ltd.*,
62 F.4th 496 (9th Cir. 2023) ....................7

**Statutes**

Cal. Civ. Proc. Code § 410.10 .......... 3

Cal. Penal Code § 630 *et. seq.* .......... *passim*

**Court Rules**

Fed. R. Civ. P. 12(b)(1).......... 1

Fed. R. Civ. P. 12(b)(2).......... 3

Fed. R. Civ. P. 12(b)(6).......... 1

**Constitutions**

U.S. Const. Art. III.......... 1, 8, 9

## I. INTRODUCTION

The Complaint is one of the hundreds of recently filed putative class actions against out-of-state businesses for their alleged use of online marketing technologies on their websites, purportedly in violation of the California Invasion of Privacy Act, Cal. Penal Code § 630 *et. seq.* ("CIPA"). Plaintiff Forrest Allen ("Allen" or "Plaintiff") alleges that he accessed Interplay's Website from California and that "identifying information" about him was sent via "electrical impulses" to a "data broker software development kit" without his consent and in violation of CIPA. [*See* ECF No. 1 at ¶¶ 17, 33]. Interplay moves to dismiss the Complaint as the Court does not have personal jurisdiction over Interplay. [1]

Interplay is a Delaware entity headquartered in Texas. Interplay does not have offices in California, does not direct marketing activities there, and does not derive substantial revenue from the state. Despite all this, Plaintiff incredibly asks this Court to exercise general *and* specific personal jurisdiction over Interplay based on a series of speculative and false allegations, [*Id.* at ¶¶ 5, 6], each of which is disproven by the Declaration of Interplay's Chief Operative Officer Andrew Kauser, dated December 8, 2025 ("Kauser Decl."). Plaintiff's one-time visit to the Interplay website is not a sufficient basis for this Court to invoke personal jurisdiction over Interplay, and the Complaint must be dismissed.

A Court's exercise of personal jurisdiction may be based on "general" or "specific" jurisdiction. General jurisdiction does not exist because Interplay does not conduct sufficient business in California to essentially be home in this state. *See* § III(A), *infra*. Specific jurisdiction does not exist because Plaintiff's alleged single visit to Interplay's Website is insufficient to establish any forum-directed conduct by Interplay, create the requisite nexus between his claimed injury and Interplay's contacts with California, or otherwise supply the "something more" required to tether Interplay to this forum. *See* § III(B), *infra*. For these reasons, Interplay's Motion to Dismiss for Lack of Personal Jurisdiction should be granted.

---

[1] By way of a contemporaneously filed Rule 12(b)(1) and 12(b)(6) motion, Interplay separately moves to dismiss Plaintiff's complaint for lack of Article III standing and on the merits.

## II. BACKGROUND

Interplay is a Delaware corporation that is headquartered in Austin, Texas. Kauser Decl. ¶ 6. Interplay is an online and VR training platform for the skilled trades, such as plumbing, electrical services, HVAC and facilities maintenance. *Id.* at ¶ 4. Like most modern companies, Interplay operates a nationally accessible website (the "Website"). *Id.* at ¶ 5. However, Interplay derives very little revenue from its Website. *Id.* at ¶¶ 13–16.

Interplay's primary offering is business-to-business (B2B) skilled trades support. *Id.* at ¶ 14. In this capacity, Interplay is engaged by small to medium sized trade businesses, larger enterprises, educational institutions, and workforce development organizations to facilitate education and training programs ("Corporate Programs"). *Id*. Almost all of Interplay's revenue is derived from Corporate Programs, which does ***not*** occur over the Interplay Website. *Id.* at ¶¶ 15–16. Corporate Program engagement requires a business to directly transact with Interplay in Austin, Texas. *Id.* at ¶ 16. Over the last three years, only 6% of Interplay's Corporate Program revenue has come from California businesses. *Id.* at ¶ 17.

In addition to its Corporate Programs, a very small portion of Interplay's business is derived from individuals and small groups via its Website ("Individual Learning"). *Id.* at ¶ 18. Over the last three years, only ***0.17%*** of Interplay's Individual Learning revenue was generated by individual consumers in California. *Id.* at ¶ 19.

Plaintiff is not an Interplay customer. *Id.* at ¶ 23. Plaintiff alleges only that at he is a resident of California who "visited the Website on July 18, 2025." [ECF No. 1 at ¶ 33]. As an alleged one-time visitor to the Website, Interplay has no record of Plaintiff's visit to the Website. Kauser Decl. ¶ 23. Plaintiff did not sign up for an Individual Learning program, transact any business with Interplay, nor have any other engagement with the business. *Id*. Other than this singular alleged interaction with Interplay's Website, Plaintiff does not allege that he has had any additional interaction with Interplay, nor that Interplay directed any conduct specifically towards him or transacted any business with him.

Plaintiff's alleged injury is based on the allegation that Interplay installed a Data Broker Software Development Kit from LiveRamp, Inc. ("LiveRamp Software") on its Website. [ECF

No.1 at ¶¶ 17, 26]. The Complaint alleges that when Plaintiff visited the Website, the LiveRamp Software collected "identifying information by way of electronic impulses" including "Plaintiff's approximate location, and data about his browser and device." [ECF No. 1 at ¶ 33]. Plaintiff further alleges that this data was then "added the information to its profiles of Plaintiff," which could then be used "to further profile Plaintiff, with the objective of monetizing this data by selling or licensing it to other entities, including law enforcement and government agencies." [*Id.* at ¶ 34].

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) authorizes this Court to dismiss Defendant for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing that jurisdiction is proper. *In re Packaged Seafood Products Antitrust Litig.*, 338 F.Supp.3d 1118, 1135 (S.D. Cal. 2018) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)). In deciding this issue, initially "the plaintiff need only make a prima facie showing of the jurisdictional facts." *In re Packaged Seafood*, 338 F.Supp.3d at 1135 (quoting *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127–28 (9th Cir. 1995)). But, "if the defendant submits evidence controverting the allegations … the plaintiff may not rely on its pleadings, but must come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Rodriguez v. Aquatic Sales Solutions, LLC*, 2024 WL 2804097 at *2, 2:23-cv-05198 (C.D. Cal. May 29, 2024) (citing *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (internal quotations omitted)).

"[P]ersonal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citations omitted). Because California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due-process requirements, the statutory and constitutional inquiries merge into a single due-process test. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014). To satisfy this test, Plaintiff must show that Defendant had "minimum contacts" with California such that "the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

## IV. ARGUMENT

A Court's exercise of personal jurisdiction may be based on "general" or "specific" jurisdiction. *Int'l Shoe Co.*, 326 U.S. at 316. Both are lacking against Interplay.

### A. Interplay is Not Subject to General Personal Jurisdiction in California.

General jurisdiction "permits a court to hear any and all claims against a defendant, whether or not the conduct at issue has any connection to the forum," and may only be exercised only when a defendant is "essentially at home in the forum State." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069–70 (9th Cir. 2015) (citations and internal quotations omitted). "The 'paradigm' forums in which a corporate defendant is 'at home' [...] are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017).

Interplay is not subject to general jurisdiction in California. Interplay is incorporated in Delaware and maintains its principal place of business in Texas. Kauser Decl. ¶ 6. Therefore, California is not one of the paradigm forums where Interplay is at home. This is also not an "exceptional" case in which Interplay has continuous and systematic contacts sufficient to render it "at home" in California. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014). Plaintiff asserts that Interplay has availed itself of the laws and jurisdiction of California by "operating its interactive Website infrastructure, which Defendant specifically designed to engage California customers." [ECF No.1 at ¶ 5]. But this type of "nonspecific conclusory statement" is "not enough to show […] continuous contacts making defendants liable in California for out-of-state activities." *Butcher's Union Local No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986).

The unverified Complaint further alleges that "Defendant maintains ongoing commercial relationships with California customers […] [and] derives substantial revenue from California-based transactions through its operation of the Website," [ECF No. 1 at ¶ 5], but these statements carry no evidentiary weight. *See Great W. Casinos, Inc. v. Morongo Band of Mission Indians*, 74 Cal. App. 4th 1407, 1418 (1999). Moreover, this allegation is false as Interplay derives very little

revenue from businesses and individuals in California. Kauser Decl. ¶¶ 13–19. Accordingly, Plaintiff does not sufficiently allege that Interplay has "so heavily engaged in activity" in California to render Interplay "essentially at home." *See BNSF*, 581 U.S. at 414.

**B. <u>Interplay is Not Subject to Specific Personal Jurisdiction in California.</u>**

"Specific jurisdiction exists when a case 'aris[es] out of or relate[s] to the defendant's contacts with the forum.'" *Ranza*, 793 F.3d at 1068 (citation omitted, alterations in original). To be subject to a court's specific jurisdiction, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The Ninth Circuit uses a three-part test to determine whether specific personal jurisdiction exists over a non-resident defendant:

> (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). All three factors demonstrate that specific jurisdiction does not exist.

**1. There is No Purposeful Direction of Conduct by Interplay Toward California.**

The first prong of the specific personal jurisdiction test includes two distinct concepts with separate applications: purposeful direction and purposeful availment. *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 693 (2024). "Whether a court applies the purposeful availment or purposeful direction test depends on the nature of the claim." *Found. for Anime & Niche Subcultures v. Texas Anime Conventions*, 769 F.Supp.3d 1034, 1039 (N.D. Cal. 2025) (citations omitted). The Ninth Circuit has clarified that purposeful availment analysis is applicable to actions "sounding in contract [...] and for unintentional tort claims," whereas purposeful direction analysis "applies when 'a case sounds in

tort'" or for claims "requir[ing] an intentional tortious or 'tort-like' act[.]" *Herbal Brands* at 1090–91 (quoting *Axiom Foods*, 874 F.3d at 1069).

Here, purposeful direction analysis is proper because a statutory violation of CIPA is rooted in establishing an intentional tort-like act. *See, e.g.*, *Fudge v. Delta Air lines, Inc.*, No. 2:24-cv-04531 HDV SSC, 2024 WL 4445985, at *3 (C.D. Cal. Oct. 4, 2024) (applying "purposeful direction" test to CIPA claim). In the Ninth Circuit, purposeful direction is analyzed under the "Effects Test", which requires the defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). Allegations of the "installation of software on the Website is a sufficient allegation of an intentional act under the Effects Test." *Rounds v. Case-Mate Inc.*, No. 2:24-CV-08531-WLH-RAO, 2025 WL 1873999, at *5 (C.D. Cal. July 2, 2025). However, Plaintiff fails to plausibly allege that Interplay expressly aimed conduct at California, and therefore does not satisfy the second element of the Effects Test.

The express aiming element considers a defendant's connection to the forum state and whether the defendant specifically targeted the forum state. *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015). "Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed." *Mavrix Photo*, 647 F.3d at 1231. Rather, there must be "'something more' – conduct directly targeting the forum." *Herbal Brands*, 72 F.4th at 1092; *see also Mavrix Photo*, 647 F.3d at 1229–30 (to establish specific jurisdiction based on website advertising and sales, defendant must do "something more" than maintain a passive website, and the "something more" requirement was satisfied where there was evidence that the defendant specifically "targeted California" and "exploit[ed] that base for commercial gain" through advertisements directed specifically to Californians).

Plaintiff does not allege that "something more." The Complaint alleges only the basic fact that Interplay operates a website that incorporates LiveRamp Software. There are no allegations that Interplay directly targeted California by specifically directing advertisements there. *See, e.g.*, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002). Plaintiff also does not allege that Interplay actually used Plaintiff's data to target the California market for Interplay's

commercial gain. *See, e.g.*, *Mavrix Photo* 647 F.3d at 1223. Indeed, Interplay does not target California consumers, and does not conduct marketing campaigns targeted at specific states or specific geographic locations. Kauser Decl. ¶¶ 21–22.

Plaintiff's best attempt in alleging "something more" is the allegation that the LiveRamp Software may collect "geographic information" from visitors to the Interplay Website. [ECF No. 1 at ¶ 33]. However, this broad allegation is inadequate to show that Interplay's conduct was "expressly aimed" at California. Courts "have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Licea v. Blue Apron,* 2025 WL 487198, at *3 (Cal. Super. Ct. Feb. 5, 2025) (quoting *Walden,* 571 U.S. at 284) (emphasis added). Applying this reasoning, even if Interplay was aware that Plaintiff was visiting the Website while in California, the Complaint still fails to identify any conduct from Interplay tying it to the state. Plaintiff does not allege that Interplay received his geographic information contemporaneously with his visit to the Interplay Website, nor does he allege that Interplay "knew the location of particular devices" that were used to visit its website. *Shah v. Hilton Worldwide Holdings Inc.*, No. 25-CV-01018-EKL, 2025 WL 1683577, at *2 (N.D. Cal. June 11, 2025) (dismissing CIPA case on analogous allegations for lack of personal jurisdiction). Accordingly, Plaintiffs allegations fail to show that Interplay itself engaged in any conduct expressly aimed at California, and therefore are insufficient to establish specific jurisdiction.

**2. Plaintiff's Alleged Injuries Do Not Arise Out of or Relate to Interplay's Forum-Related Activities.**

The second prong of the test for specific personal jurisdiction requires that the plaintiff's claim arises out of or relates to the defendant's contacts with the forum. *Schwarzenegger*, 374 F.3d at 802. "The first half of that standard asks about causation; but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing." *Herbal Brands,* 72 F.4th at 1096. Such "relatedness requires a close connection between contacts and injury." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 506 (9th Cir. 2023).

Plaintiff's threadbare allegations neither show an "arising out of" causal relationship, nor a "relating to" connective relationship, between his alleged injury and Interplay's alleged contacts with California. Plaintiff claims that his identifying information was intercepted by LiveRamp, a third party, when Plaintiff accessed Interplay's Website in California. [ECF No. 1 at ¶ 33]. However, Plaintiff does not allege any claim arising from the sale of Interplay's products in California, and courts "have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Walden*, 571 U.S. at 284. Once again, the only fact linking Interplay to California is that California residents can access Interplay's Website, and this fact alone is insufficient to show that Interplay purposefully directed any conduct toward California. [*Supra* § III.B.1.]. "Simply put, Defendant's 'broader business contacts with California are unrelated to [Plaintiff's] alleged privacy-related harm and [Plaintiff] does not (and cannot show) any relationship between [Defendant's] general business in California and [his] cause of action.'" *Rounds*, 2025 WL 1873999, at *7 (citation omitted). Thus, Plaintiff has failed to show that his claim arises from Interplay's forum-related activities.

Similarly, Plaintiff cannot satisfy his burden under a "related to" theory as his claims do not "arise out of contacts that the 'defendant [itself]' create[d] with the forum State," but rather because of Plaintiff's own independent and intentional access of the website. *Walden*, 571 U.S. at 284, 290 (finding the injury was not "tethered to the [forum state] in any meaningful way" when the plaintiffs "chose to be [in the forum state]" and would have experienced the same injury "wherever else" they may have been located); *Licea v. Caraway Home Inc.*, 655 F. Supp. 3d 954, 970 (C.D. Cal. Feb. 9, 2023) (dismissing complaint alleging CIPA violations for lack of personal jurisdiction where plaintiff "allege[d] no connection between Defendant's forum-related contacts and the harm he suffered"); *Licea*, 2025 WL 487198, at *3 (dismissing complaint alleging CIPA violations for lack of personal jurisdiction where defendant's "purported contacts [with California] have no relation to Plaintiff's claims," because plaintiff merely alleged that "his privacy was violated upon visiting Defendant's website, which is accessible from anywhere.").

Plaintiff fails to establish that his claimed injury arises out of or relates to Interplay's alleged contacts with California. As a result, Plaintiff cannot satisfy the second prong of the test for specific personal jurisdiction.

**3. Exercising Specific Jurisdiction Over Interplay Does Not Comport with Fair Play and Substantial Justice.**

Although the Court need not reach the issue, this Court also lacks specific jurisdiction over Interplay because exercising such jurisdiction would not comport with fair play and substantial justice, and is therefore unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). In determining whether the exercise of jurisdiction comports with "fair play and substantial justice," and is therefore "reasonable," the Ninth Circuit considers seven factors:

> "(1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum."

*Dole Food Co.*, 303 F.3d at 1114.

First, as discussed above [*supra* § III.B.1.], Interplay did not purposefully direct its activities to California, and the operation of a nationally accessible website does not rise to the level of purposeful interjection into California's affairs solely because Plaintiff allegedly accessed the Interplay Website while in California.

Second, litigating in California would impose an unreasonable burden on Interplay. As a Delaware corporation with its principal place of business in Texas, Interplay should not be required to litigate in California simply because Plaintiff deliberately accessed Interplay's Website from that forum to generate this lawsuit. To do so would subject Interplay to personal jurisdiction in every state, which would be wholly unreasonable. *See Shisler v. Sanfer Sports Cars, Inc.*, 146 Cal. App. 4th 1254, 1261 (2006) (stating that under this theory of personal jurisdiction, "personal jurisdiction in Internet related cases would almost always be found in any forum in the country").

Third, exercising jurisdiction over Interplay for this claim would encumber the sovereignty of Delaware and Texas. Although California may have an interest in protecting its residents from

claims arising out of a business's contacts with the state, that interest is not implicated here. Rather, the relevant interests are those of Delaware and Texas in matters involving their own corporate citizens.

Fourth, Plaintiff's claimed interest in convenient and effective relief is undermined by his own decision to access a website operated by a company organized and headquartered outside California. Because Plaintiff himself made that choice, it is not unreasonably inconvenient to require him to litigate in the alternative forums of Delaware or Texas, particularly given that none of the relevant information, documents, or witnesses (aside from Plaintiff) are located in California. *Menken v. Emm*, 503 F.3d 1050, 1061 (9th Cir. 2007) (stating that evaluating efficiency of the forum depends "primarily [on] where the witnesses and the evidence are likely to be located.").

Lastly, "[Plaintiff] bears the burden of proving the unavailability of an alternative forum," and there is no basis to believe Plaintiff would be any less able to obtain relief in either Delaware or Texas. *Menken*, 503 F.3d at 1061 (citation omitted). Moreover, even if this Court determined that litigating this claim in Delaware or Texas would inconvenience Plaintiff, "in this circuit, the plaintiff's convenience is not of paramount importance." *Dole*, 303 F.3d at 111.

In sum, these factors show that exercising this Court's jurisdiction over Defendant would be unreasonable, and requiring Interplay to litigate this case in California would offend traditional notions of fair play and substantial justice.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Interplay respectfully requests the Court grant its Motion to Dismiss for Lack of Personal Jurisdiction.

Dated: December 8, 2025

CLARK HILL LLP

By: <u>*/s/ Myriah Jaworski*</u>
Myriah V. Jaworski

*Attorneys for Defendant Interplay Learning, Inc.*