**CLARK HILL LLP**
Myriah V. Jaworski (SBN 336898)
mjaworski@clarkhill.com
Matthew Mejia (SBN 330028)
mmejia@clarkhill.com
505 Montgomery Street, 13th Floor
San Francisco, CA 94111
Telephone: (619) 557-0404
Facsimile: (619) 557-0460

*Attorneys for Defendant Interplay Learning, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FORREST ALLEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>INTERPLAY LEARNING, INC., A DELAWARE CORPORATION, AND DOES 1-25, INCLUSIVE,<br><br>Defendant. | Case No. 3:25-cv-08628-JD<br><br>**DEFENDANT'S NOTICE OF MOTION AND RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; [PROPOSED] ORDER**<br><br>Date: February 5, 2026<br>Time: 10:00 AM<br>Ctrm: Courtroom 11 – 19th Floor<br>Judge: James Donato<br><br>Trial Date: None Set |

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 5, 2026 at 10:00 AM or as soon thereafter as the matter may be heard, before the Honorable James Donato, in Courtroom 11 (Floor 19) of the above-entitled Court, located at San Fransico Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Interplay Learning ("Interplay" or "Defendant"), by and through its attorneys of record, will and hereby move for an order dismissing the Complaint, ECF Nos. 1, with prejudice pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("FRCP").

Plaintiff Forrest Allen ("Allen" or "Plaintiff") lacks Article III standing for his California Invasion of Privacy Act ("CIPA") claims because he has failed to plead an interaction with Interplay's website that would cause a cognizable injury-in-fact. Plaintiff's CIPA claims must also be dismissed for failure to state a claim under Rule 12(b)(6) due to Plaintiff's failure to plead essential elements of Cal. Penal Code. § 638.51.

Dated: December 8, 2025

CLARK HILL LLP

By*: /s/ Myriah Jaworski*
Myriah V. Jaworski

*Attorneys for Defendant Interplay Learning, Inc.*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(B)(1) AND 12(B)(6)**

## TABLE OF CONTENTS


I. Introduction ..... 1

II. Relevant Allegations in Allen's Complaint ..... 3

III. Argument ..... 4

- A. The Court Should Analyze this Motion under the Rule of Lenity ..... 4
- B. Allen Lacks Article III Standing ..... 4
  - 1. Fed. R. Civ. P. 12(b)(1) Standard ..... 5
  - 2. Allen Lacks Article III Standing for his CIPA Claims to the Extent They are Based on the Collection of Non-Private Information ..... 7
  - 3. Allen Fails to Plausibly Allege that LiveRamp Collected His Cognizable Private Information ..... 9
  - 4. Even Assuming Collection, the Information was Anonymous ..... 12
- C. Allen Fails to Plausibly Allege a CIPA § 638.51 Claim ..... 13
  - 1. Fed. R. Civ. P. 12(b)(6) Standard ..... 13
  - 2. Allen Fails to Adequately Allege a CIPA § 638.51 Violation ..... 13

IV. Conclusion ..... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Johnson*,
355 F.3d 1179 (9th Cir. 2004) ....................13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................13

*Aviles v. Liveramp, Inc.*,
2025 WL 487196 (Cal. Super. Ct. Jan 28, 2025) ....................13

*Barclift v. Keystone Credit Servs.*,
LLC, 93 F.4th 136 (3d Cir. 2024) ....................12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................13

*Byars v. Sterling Jewelers, Inc.*,
No. 5:22-CV-01456-SB-SP, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ....................8

*Cody v. E. Gluck Corp.*,
No. 23-CV-02286-HSG, 2024 WL 4314187 (N.D. Cal. Sept. 26, 2024) (Gilliam Jr., J.) ....................9

*Cook v. GameStop, Inc.*,
689 F. Supp. 3d 58 (W.D. Pa. 2023) ....................7

*Cottle v. Plaid Inc.*,
536 F. Supp. 3d 461 (N.D. Cal. 2021) ....................6

*Doe v. Eating Recovery Ctr. LLC*,
No. 23-CV-05561-VC, 2025 WL 2971090 (N.D. Cal. Oct. 17, 2025) (Chhabria, J.) ....................2, 4

*Esparza v. Gen Digital Inc.*,
No. CV 23-8223-KK-AGRX, 2024 WL 655986 (C.D. Cal. Jan. 16, 2024) ....................13

*Fayer v. Vaughn*,
649 F.3d 1061 (9th Cir. 2011) (*per curiam*) ....................13

*Food & Drug Admin. v. All. for Hippocratic Med.*,
602 U.S. 367 (2024) ....................5

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
528 U.S. 167 (2000) ....................5

*Gabrielli v. Insider, Inc.*,
No. 24-CV-01566 (ER), 2025 WL 522515 (S.D.N.Y. Feb. 18, 2025) ....................................8

*Greenley v. Kochava, Inc.*
684 F.Supp.3d 1024 (S.D. Cal. 2023)..........................................................................1

*Gutierrez v. Converse Inc.*,
No. 24-4797, 2025 WL 1895315 (9th Cir. July 9, 2025)..................................................2, 11

*Harrott v. Cty. of Kings*,
25 Cal. 4th 1138 (2001) ..........................................................................................4

*Heeger v. Facebook, Inc.*,
509 F. Supp. 3d 1182 (N.D. Cal. 2020) (Donato, J.) ..........................................................8

*Heiting v. FKA Distributing Co.*,
No. 2:24-CV-07314-HDV-AGR, 2025 WL 736594 (C.D. Cal., Feb. 3, 2025)............2, 10, 11

*Hughes v. Vivint, Inc.*,
No. 2:24-cv-03081-GW-KS, 2024 WL 5179916, at *4-5 (C.D. Cal. July 12, 2024), *adopted*, No. CV 24-3081-GW-KSX, 2024 WL 5179917 (C.D. Cal. Aug. 5, 2024...........................................................................................2, 8, 11, 12

*I.C. v. Zynga, Inc.*,
600 F. Supp. 3d 1034 (N.D. Cal. 2022) (Rogers, J.)..........................................................2, 7

*In re Application of U.S. for an Ord. Authorizing use of A Pen Reg. & Trap On (XXX) Internet Serv. Acct./User Name*, (xxxxxxxx@xxx.com), 396 F. Supp. 2d 45, 47 (D. Mass. 2005).............................................................................................1

*Khamooshi v. Politico LLC*,
786 F.Supp.3d 1174 (N.D. Cal. 2025) ............................................................... *passim*

*Khamooshi v. Politico LLC*,
No. 24-CV-07836-SK, 2025 WL 2822879 (N.D. Cal. Oct. 2, 2025) ...................................1, 5

*Kishnani v. Royal Caribbean Cruises Ltd.*,
No. 25-CV-01473-NW, 2025 WL 1745726 (N.D. Cal. June 24, 2025) (Wise, J.)..........................................................................................................2, 7, 8, 11

*Licea v. Hickory Farms LLC*,
No. 23STCV26148, 2024 WL 1698147 (Cal. Super. Ct. Mar. 13, 2024) ..............................13

*Lien v. Talkdesk, Inc.*,
No. 24-CV-06467-VC, 2025 WL 551664 (N.D. Cal. Feb. 19, 2025) (Chhabria, J.)......................................................................................................1, 2, 7

*Mikulsky v. Noom, Inc.*,
682 F. Supp. 3d 855 (S.D. Cal. 2023)..........................................................................8

*Mitchener v. Talkspace Network LLC*,
No. 2:24-CV-07067-JAK, 2025 WL 1822801 (C.D. Cal. June 27, 2025) ..........................2, 11

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) ..........................................................................................13

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*,
No. 16-CV-01393-JST, 2017 WL 2672113 (N.D. Cal. Jan. 19, 2017) ..................................13

*People v. Reynoza*,
15 Cal. 5th 982 (2024) ......................................................................................................4

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ......................................................................4, 5, 6, 10

*Posadas v. Goodyear Tire & Rubber Co.*,
No. 23-CV-0402-L-DDL, 2024 WL 5114133 (S.D. Cal. Dec. 13, 2024) ................................9

*R.C. v. Sussex Publishers, LLC*,
No. 24-CV-02609-JSC, 2025 WL 948060 (N.D. Cal. Mar. 28, 2025) (Corley, J.)..........................................................................................................................12

*Rodriguez v. Culligan Int'l Co.*,
No. 25-CV-00225-AJB-KSC, 2025 WL 3064113 (S.D. Cal. Nov. 3, 2025) ............................1

*Rodriguez v. Fountain9, Inc.*,
No. 24STCV04504, 2024 WL 3886811 (Cal. Super. Ct. Jul. 9, 2024) ..............................2, 13

*Rodriguez v. Plivo, Inc.*,
No. 24STCV08972, 2024 WL 5184413 (Cal. Super. Ct. Oct. 02, 2024) .............................1, 2

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)..................................................................................................5, 6

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)..........................................................................................4, 5, 6, 7

*United States v. Forrester*,
512 F.3d 500 (9th Cir. 2008) ..........................................................................................7

*United States v. Texas*,
599 U.S. 670 (2023)........................................................................................................5

*Valenzuela v. Keurig Green Mountain, Inc.*,
2023 WL 6609351 (N.D. Cal. Oct. 10, 2023) (Corley, J.) .....................................................6

*Winsor v. Sequoia Benefits & Ins. Servs., LLC*,
62 F.4th 517 (9th Cir. 2023) ............................................................................................5

*Yoon v. Lululemon USA. Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021) ....................................................................8

**Statutes**

Cal. Penal Code § 631(a) ....................................................................................................4

Cal. Penal Code § 638.51...................................................................................................*passim*

**Court Rules**

Federal Rule of Civil Procedure 12(b)(1) ...........................................................................*passim*

Federal Rule of Civil Procedure 12(b)(6) ...............................................................................13

**Constitutions**

U.S. Const. art. III...............................................................................................................*passim*

**Other Authorities**

https://www.interplaylearning.com/ ......................................................................................3

## I. INTRODUCTION

Plaintiff Forrest Allen's ("Plaintiff" or "Allen") claim is one of the many nearly identical complaints filed by the Tauler Smith Law Firm. Like that law firm's other boilerplate complaints, this one alleges that the use of a ubiquitous analytical tool on Defendant Interplay Learning, Inc's ("Interplay") website violates the § 638.51 of the California Invasion of Privacy Act ("CIPA"). [ECF No. 1].[1] But like all of those other threadbare complaints, Allen's Complaint utterly lacks any facts demonstrating either an Article III injury or a substantive violation of § 638.51.

Section 638.51 relates to the use of "install[ation] or use [of] a pen register or a trap and trace device" ("PR/TT") without consent or a court order. But the California Legislature enacted CIPA to address real – not theoretical – privacy violations. And "because what constitutes a pen register has changed as technology has shifted from telephone communication to internet-based communications," the "courts ***must look to the type of information being collected and not the device or process***" to determine if a violation of occurred. *Rodriguez v. Plivo, Inc.*, No. 24STCV08972, 2024 WL 5184413, at *2 (Cal. Super. Ct. Oct. 02, 2024) (emphasis added) (citing *Greenley v. Kochava, Inc*. 684 F.Supp.3d 1024, 1050 (S.D. Cal. 2023). See also *Lien v. Talkdesk, Inc*., No. 24-CV-06467-VC, 2025 WL 551664, at *1 (N.D. Cal. Feb. 19, 2025) (Chhabria, J.) (court considers the "nature of the allegedly intercepted information"); *Khamooshi v. Politico LLC*, 786 F.Supp.3d 1174, 1179 (N.D. Cal. 2025) (citations omitted) (Kim, M.J.) ("*Khamooshi I"*); *In re Application of U.S. for an Ord. Authorizing use of A Pen Reg. & Trap On (XXX) Internet Serv. Acct./User Name*, (xxxxxxxx@xxx.com), 396 F. Supp. 2d 45, 47 (D. Mass. 2005)) (granting motion to dismiss CIPA § 638.51 claim).

Thus, this District Court and others have held that sufficiently alleging an Article III injury and a substantive violation of a CIPA § 638.51 both require a plaintiff to demonstrate that the alleged PR/TT device ***actually*** intercepted information in which the plaintiff has a cognizable privacy interest. *Khamooshi v. Politico LLC*, No. 24-CV-07836-SK, 2025 WL 2822879, at *3 (N.D. Cal. Oct. 2, 2025) ("*Khamooshi II*"); *Rodriguez v. Culligan Int'l Co.*, No. 25-CV-00225-

---

[1] For consistency, references are to the CM/ECF-generated document and page numbers, as well as to the paragraph numbers in the pleading

AJB-KSC, 2025 WL 3064113, at *3 (S.D. Cal. Nov. 3, 2025) (no Article III standing for § 638.51 claim where plaintiff "lacks a privacy interest in the data at issue"); *Heiting v. FKA Distributing Co.*, No. 2:24-CV-07314-HDV-AGR, 2025 WL 736594, at *2 (C.D. Cal., Feb. 3, 2025); *Hughes v. Vivint, Inc.*, No. 2:24-cv-03081-GW-KS, 2024 WL 5179916, at *4–5 (C.D. Cal. July 12, 2024), *adopted*, No. CV 24-3081-GW-KSX, 2024 WL 5179917 (C.D. Cal. Aug. 5, 2024; *Rodriguez v. Fountain9, Inc.*, No. 24STCV04504, 2024 WL 3886811, at *4 (Cal. Super. Ct. Jul. 9, 2024) (granting demurrer of § 638.51 claim because plaintiff failed to allege interception of private information); *Plivo Inc*., 2024 WL 5184413, at *2 (same).

Allen's boilerplate Complaint fails to allege the interception of any cognizably private information. Rather, it alleges only the collection of generic browser information which this District Court has repeatedly held does not implicate a cognizable private interest. *Khamooshi I*, 786 F.Supp.3d at 1179–80 (no Article III injury of CIPA § 638.51 claim based on alleged disclosure of IP address, "browser and device data" and "other identifying information"); *Lien*, 2025 WL 551664 at *1 (no Article III standing for CIPA claim based on alleges disclosure of "plaintiffs' phone numbers and questions they asked about store hours, events, and products"); *I.C. v. Zynga, Inc*., 600 F. Supp. 3d 1034, 1049–50 (N.D. Cal. 2022) (Rogers, J.) (basic contact information insufficient).

Indeed, Allen's counsel knows these pleadings are deficient as they are often dismissed. *See e.g., Gutierrez v. Converse Inc*., No. 24-4797, 2025 WL 1895315 (9th Cir. July 9, 2025) (affirming dismissal); *Mitchener v. Talkspace Network LLC*, No. 2:24-CV-07067-JAK (BFMX), 2025 WL 1822801 (C.D. Cal. June 27, 2025); *Kishnani v. Royal Caribbean Cruises Ltd*., No. 25-CV-01473-NW, 2025 WL 1745726 (N.D. Cal. June 24, 2025) (Wise, J.); *Heiting*, 2025 WL 736594, at *2; *Hughes*, 2024 WL 5179916, at *4–5.

Finally, to the extent this Court find any ambiguity in the application of § 638.51 to internet technologies, this Court should apply the rule of lenity and resolve those issues in Interplay's favor. *See Doe v. Eating Recovery Ctr. LLC*, No. 23-CV-05561-VC, 2025 WL 2971090 (N.D. Cal. Oct. 17, 2025) (courts should generally resolve CIPA's many ambiguities in favor of the narrower interpretation).

## II. RELEVANT ALLEGATIONS IN ALLEN'S COMPLAINT

Interplay operates the website https://www.interplaylearning.com/ ("Website") where Interplay allegedly "offers its customers an educational platform to train individuals or employees in such areas as plumbing, electrical services, facilities maintenance, HVAC, and CHVAC." [ECF No. 1 at ¶ 12], Allen alleges "[o]n information and belief" that Interplay's Website can determine "the geolocation from, for example, a visitor's IP address" and other "information that can identify a Website visitor well beyond his or her IP." [*Id.* at ¶ 16]. However, Allen provides no specificity as to how this alleged collection occurs. Rather, Allen relies on generic allegation that Interplay installed the DBSDK of LiveRamp, Inc. ("LiveRamp Software"), a "registered California Data Broker" to "deanonymize and develop clandestine user profiles on otherwise anonymous visitors to the Website." [*Id.* at ¶¶ 17, 26, 27].

Allen also does specify what a visitor can do or view on the Website that would result in the collection he alleges. Allen alleges that his identifying information by way of electronic impulses was sent to LiveRamp when visiting the Website on July 18, 2025, with the LiveRamp Software being active during that visit. [*Id.* at ¶¶ 25–26, 33]. Allen does not allege that he used the educational platform, or that he had *any* other interaction with the Website that could plausibly support the collection of private information (*e.g.*, creating the account, conducting a search, viewing private content, or submitted a form). He also does not allege that he visited the Website on a personal device or browser.

Allen maintains that "when the LiveRamp DBSDK loads on a webpage, it immediately captures the user's identifiers present in that context – e.g. reading any first-party cookie ID or a platform's ID that the page passes, as well as standard header info like IP and user-agent." [*Id.* at ¶ 28]. However, he does not specify what the LiveRamp Software was allegedly configured to collect on the Website at the time of his visit, or which of his "identifiers" were collected by the Website during his alleged visit. *C.f.*, [*id.* at ¶ 33] (alleging that approximate location, and data about his browser and device, are sent via electronic impulses to LiveRamp).

The remainder of Allen's allegations are generic and conclusory allegations about the LiveRamp's Software could theoretically capture. [*Id.* at ¶¶ 15–46, 56–57]

Lastly, Allen does not claim suffering any injury at all (in fact his complaint does not even pray for recovery of actual damages.) [*Id.* at 13–14 (prayer for relief).

## III. ARGUMENT

### A. The Court Should Analyze this Motion under the Rule of Lenity

In *Doe v. Eating Recovery Ctr. LLC*, Judge Chhabria explained why court's should apply the rule of lenity the internet-based CIPA claims:

> The language of CIPA is a total mess. It was a mess from the get-go, but the mess gets bigger and bigger as the world continues to change and as courts are called upon to apply CIPA's already-obtuse language to new technologies. Indeed, we have reached the point where it's often borderline impossible to determine whether a defendant's online conduct fits within the language of the statute.
>
> [. . .]
>
> The state of affairs with CIPA is untenable. Courts are issuing conflicting rulings, and companies have no way of telling whether their online business activities will subject them to liability. That seems particularly true of Penal Code Section 631(a), the CIPA provision at issue here. The California Legislature needs to step up. It would be bad enough if CIPA were merely a civil statute that allowed plaintiffs to recover actual damages for violations. But CIPA imposes criminal liability and punitive civil penalties. Under these circumstances, it is imperative for the Legislature to bring CIPA into the modern age and to speak clearly about how the kinds of activities at issue in this case should be treated. Until that happens, courts should generally resolve CIPA's many ambiguities in favor of the narrower interpretation [under California's rule of lenity].

2025 WL 2971090 at *1 (emphasis added). Here too should the Court apply the rule of lenity and "giv[e] the defendant the benefit of every reasonable doubt on questions of interpretation" of the CIPA. *People v. Reynoza*, 15 Cal. 5th 982, 1012 (2024). Thus, to the extent this Court has any question as to whether § 638.51 prohibits the conduct alleged in Allen's Complaint, this Court should resolve that ambiguity in Interplay's favor. *See Harrott v. Cty. of Kings*, 25 Cal. 4th 1138, 1154 (2001) (citations omitted) ("[W]hen the governing standard is set forth in a criminal statute, it is appropriate to apply the rule of lenity in resolving any ambiguity in the ambit of the statute's coverage.").

### B. Allen Lacks Article III Standing

A bare procedural violation of CIPA is insufficient to demonstrate Article III standing. *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025) ("*TransUnion* contemplates a standing inquiry particularized to a plaintiff's circumstances and benchmarked to a specific tort."

(discussing analogous privacy statute); *Khamooshi II*, 2025 WL 2822879, at *3 (applying *Popa* to CIPA § 638.51).

To demonstrate Article III standing for a CIPA claim, Allen must allege facts demonstrating that his interaction with Interplay's Website disclosed information that "implicates a protectable privacy interest." *Khamooshi I*, 786 F.Supp.3d at 1179 (internal citation and quotation omitted). ***First***, most of the information allegedly collected by LiveRamp (*e.g.*, IP addresses, generic browsing data, and basic contact information) does not implicate a "protectable privacy interest" as a matter of law. *See* § III(B)(2), *infra*. ***Second,*** even if some of the information allegedly disclosed could implicate a protectable privacy interest, Allen fails to allege facts showing how LiveRamp's DBSDK was configured on the Website or how that configuration resulted in the collection of any cognizable private information from him. *See* § III(B)(3), *infra*. ***Third,*** even if Allen plausibly alleges collection, Allen still lacks standing because the collection was anonymous. *See* § III(B)(4), *infra*.

**1. Fed. R. Civ. P. 12(b)(1) Standard**

Article III standing is a "bedrock constitutional requirement." *United States v. Texas*, 599 U.S. 670, 675 (2023). A "general legal, moral, ideological, or policy objection" does not create Article III standing. *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 368 (2024). To meet the requirements of Article III standing, a plaintiff must show that: "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000); *see Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 523 (9th Cir. 2023) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). Conclusory allegations are inadequate; Allen must "clearly [...] allege facts demonstrating each [standing] element." *Winsor*, 62 F.4th at 523 (quoting *Spokeo*, 578 U.S. at 338). Even in a putative class action, Allen must "allege and show that [he] personally [has] been injured." *Winsor*, 62 F.4th at 523 (internal quotations and citations omitted).

Merely alleging a statutory violation is insufficient to establish Article III injury-in-fact. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."). The Supreme Court has "rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *TransUnion,* 594 U.S. at 426 (quoting *Spokeo,* 578 U.S. at 341). As the Supreme Court explained: "[f]or standing purposes [...] an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of [...] law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of [...] law." *Id. at* 426–27. Without this distinction, legislatures could "authorize virtually any citizen to bring a statutory damages suit against virtually any defendant who violated virtually any [...] law." *Id.* at 428. Instead, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 427 (emphasis in original). The Ninth Circuit reaffirms this position in its recent decision in *Popa*, 153 F.4th at 786–88, 792–94, wherein the court analyzed a website tracking claim under a Pennsylvania state statute similar to CIPA. In *Popa*, the Ninth Circuit affirmed the district court's holding that the plaintiff lacked Article III standing because a statutory violation alone was insufficient to confer a concrete injury. *Id.*

Demonstrating an Article III injury-in-fact for a CIPA violation requires a distinct privacy injury. *Valenzuela v. Keurig Green Mountain, Inc.*, 2023 WL 6609351, *1 (N.D. Cal. Oct. 10, 2023) (Corley, J.) ("While [p]laintiff alleges Defendant violated CIPA, [*p]laintiff fails to allege any facts to support an inference Defendant engaged in any kind of privacy violation*" (emphasis added)). Specifically, to sufficiently allege injury-in-fact for a CIPA violation, "a plaintiff must identify the 'specific personal information [he] disclosed that ***implicates a protectable privacy interest.***'" *Khamooshi I*, 786 F. Supp. 3d at 1179 (emphasis added); *see also Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 480 (N.D. Cal. 2021) (Ryu, M.J.) ("The Ninth Circuit has held that the disclosure of ***sensitive private information*** constitutes a 'concrete and particularized' injury for

purposes of Article III where plaintiffs 'sufficiently allege[ ] a clear invasion of the historically recognized right to privacy.'" (emphasis added)).

**2. Allen Lacks Article III Standing for his CIPA Claims to the Extent They are Based on the Collection of Non-Private Information**

Determining whether Allen has alleged disclosure of information that "implicates a protectable privacy interest" is a fact-specific inquiry that "requires [this Court's] consideration of the nature of the allegedly intercepted information." *See Khamooshi*, 2025 WL 1408896, at *2; *Lien v. Talkdesk, Inc.*, No. 24-CV-06467-VC, 2025 WL 551664, at *1 (N.D. Cal. Feb. 19, 2025) (Chhabria, J.) (internal quotation and alteration omitted)); *see also Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 63–65 (W.D. Pa. 2023) (determining the existence of a "concrete harm" in the online collection context, the "nature of the information is paramount" (citing *TransUnion*, 594 U.S. at 413, 425)). The alleged disclosure must be "highly offensive to a reasonable person." *Zynga, Inc.*, 600 F. Supp. 3d at 1049–50. Courts have held that the following categories information (even if accompanied by plausible allegations of disclosure) do not implicate a protectable privacy interest:

- ***"[B]asic contact information***, including one's email address, phone number, or [...] username," *Zynga*, 600 F. Supp. 3d at 1049–50; *see also Lien*, 2025 WL 551664 at *1 (no Article III standing for CIPA claim based on alleges disclosure of "plaintiffs' phone numbers and questions they asked about store hours, events, and products").

- ***IP addresses***, which in turn may provide geographic information. *Kishnani*, 2025 WL 1745726, at *4 ("IP addresses, for example, can provide […] 'geographic information' the collection of which purportedly invaded [p]laintiff's privacy in the instant case, […] but it is well established in the Ninth Circuit that 'there is no legally protected privacy interest in IP addresses.'"); *Khamooshi I*, 786 F. Supp. 3d at 1179 ("[T]he only specific category of information that [p]laintiffs identify is the category of IP addresses for their devices. Plaintiffs also allege that [d]efendant disclosed their 'browser and device data' and 'other identifying information' […] but fail to provide any more detail. Those allegations are too vague to assert a protectable privacy interest."); *see also United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) ("Internet users have no expectation of privacy in […] IP addresses of the websites they visit because they should

know that this information is provided to and used by Internet service providers for the specific purpose of directing the routing of information"); *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1189 (N.D. Cal. 2020) (Donato, J.) (finding no Article III standing because "there is no legally protected privacy interest in IP addresses"); *Gabrielli v. Insider, Inc.*, No. 24-CV-01566 (ER), 2025 WL 522515, at *3 (S.D.N.Y. Feb. 18, 2025) (no Article III standing for CIPA § 638.51 claim based on alleges disclosure of IP address).

- ***General browsing data and device data***. *Kishnani*, 2025 WL 1745726, at *4 ("IP addresses, for example, can provide 'device and browser information' […] the collection of which purportedly invaded [p]laintiff's privacy in the instant case, […] but it is well established in the Ninth Circuit that 'there is no legally protected privacy interest[.]'"); *Khamooshi I*, 786 F. Supp. 3d at 1179; *see also Yoon v. Lululemon USA. Inc.*, 549 F. Supp. 3d 1073, 1086 (C.D. Cal. 2021) ("[C]ourts have been less willing to find that users have a cognizable privacy interest in browsing data collected only while users interact with the website of the defendant company."); *Hughes*, 2024 WL 5179916, at *4 (alleged collection of "device and browser information" insufficient).

- ***Conclusory, generic or unspecific information***. *See Khamooshi I*, 786 F. Supp. 3d at 1179 (alleged collection of "other identifying information" is insufficient); *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023) ("Plaintiff's conclusory allegation that she disclosed 'personal information'" insufficient); *Byars v. Sterling Jewelers, Inc.*, No. 5:22-CV-01456-SB-SP, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023) ("Plaintiff does not allege that she disclosed any sensitive information to Defendant, much less identify any specific personal information she disclosed that implicates a protectable privacy interest").

As set forth below, every allegation of about collection of information in Allen's Complaint is either based on either non-private information or is entirely conclusory:

| **Information Allegedly Disclosed** | **Relevant Allegations** | **Basis** |
|---|---|---|
| IP address and Geolocation | Compl. ¶ 16 | IP address / Geographic Information |

| | | |
|---|---|---|
| Personal identifiers, including a user's geolocation, device information | Compl. ¶¶ 18; 33 | Conclusory allegation; General browsing data and device data; Generic or unspecific information. |
| User's identifiers present in that context – e.g. reading any first-party cookie ID or a platform's ID that the page passes, as well as standard header info like IP and user-agent | Compl. ¶ 28 | Conclusory allegation; IP address / Geographic Information; General browsing data and device data |
| Data include[ing] name and postal address, email address, cookie IDs, and mobile device IDs | Compl. ¶ 29 | Basic contact information; General browsing data and device data |
| Other relevant data obtained by LiveRamp regarding Plaintiff | Compl. ¶ 34 | Generic or unspecific information. |

And even more fundamentally, Plaintiff does not even seem to allege that any private information was collected in the first place. Instead, the proposed class definition merely identifies "[a]ll persons within California whose *identifying information* was sent to registered California Data Brokers including LiveRamp as a result of visiting the Website within the limitations period." [ECF No. 1 at ¶ 47] (emphasis added).

**3. Allen Fails to Plausibly Allege that LiveRamp Collected His Cognizable Private Information**

Even if some of the information allegedly collected could implicate a protectible privacy interest *in a general sense*, Allen fails to allege sufficient facts to demonstrate that LiveRamp collected *his* cognizably private information during an alleged interaction with Interplay's Website. "[G]eneralized and conclusory allegations that [LiveRamp's DBSDK is] capable of capturing private data" are "insufficient to assert that [Allen] suffered a concrete injury as a result of [Interplay's] conduct." *Posadas v. Goodyear Tire & Rubber Co.*, No. 23-CV-0402-L-DDL, 2024 WL 5114133, at *4 (S.D. Cal. Dec. 13, 2024).

Allen must plausibly allege both: (1) LiveRamp was configured in a way that would collect private information, and (2) Allen interacted with the Website in a way that would lead to collection of that information. *See Posadas*, 2024 WL 5114133, at *4 (finding that generalized and conclusory allegations that the tracking tool is capable of capturing private data are insufficient to assert that plaintiff suffered a concrete injury); *Cody v. E. Gluck Corp.*, No. 23-CV-02286-HSG,

2024 WL 4314187 (N.D. Cal. Sept. 26, 2024) (Gilliam Jr., J.) (plaintiff did not plausibly allege that she used the chat feature that allegedly violated CIPA). For example, in *Heiting*, the district court held that the plaintiff lacked Article III standing for his CIPA claims because she:

> fail[ed] to allege any basic facts from which the Court could infer a concrete injury, like when and how many times she visited the site, what information she provided, what information [d]efendant captured, whether she was aware of [d]efendant's tracking practices, or if she has any reason to believe that she was indeed de-anonymized.

2025 WL 736594, at *3. Like in *Heiting*, Allen fails to allege facts sufficient to demonstrate a factual nexus between LiveRamp's operation and his interaction with the Website.

The core defect in Allen's Complaint is that he never alleges that LiveRamp actually collected any identifying specific personal information from him that implicates a protectable privacy interest. Allen offers generalized descriptions about "data brokers," industry capabilities, and what LiveRamp software might do in theory, but he never connects those capabilities to anything that occurred on Interplay's Website during his visit. [*See* ECF No. 1 at ¶¶ 15–46]. Stating that the LiveRamp software is capable of collecting information is not the same as pleading that it did so here, and the Complaint never bridges that gap. *Popa v. Microsoft Corp.* demonstrates the importance of separating well-pleaded facts about the type of data that website software is actually configured to capture on the Website from generalized allegations about the software's capabilities and conclusory allegations that the software collected private information. 153 F.4th 784, 791 (9th Cir. 2025) ("To be sure, the complaint identifies potential harms that might be associated with session-replay technology, such as identity theft. But the complaint includes no allegations plausibly linking these potential, generalized harms to the operation of Clarity on PSP's website[.]").

While Allen asserts that the Website contained the data broker software, [ECF No. 1 at ¶¶ 1, 17–18, 25–29, 31, 37, 56–57], he offers only generalized claims – not concrete facts – about how it was configured, what signals it allegedly captured, or whether the Website passed any identifiers to LiveRamp at all. The Complaint never identifies specific private information that LiveRamp supposedly received from Allen's device. Instead, Allen relies on sweeping industry narratives that say nothing about the actual implementation or operation of the software on the

Website in this case. None of those allegations establish that any routing, addressing, or signaling information capable of identifying him were collected.

The Complaint offers no more substance about Allen's actual interaction with the Website. His only factual allegation is that he visited the Website on July 18, 2025. [*Id.* at ¶ 33]. Allen does not specifically say what page he viewed, what actions he took, what his browser sent, or what information his device contained that could have been captured. Even his claim that "Defendant received other relevant data" that was sent to LiveRamp is entirely conclusory. [*Id.* at ¶¶ 33–34]. Allen never identifies what that data was, how it could identify him, or why it was transmitted. His fallback allegation that LiveRamp "at the very least" received his approximate location and data about his browser and device, [*Id.* at ¶ 33], is speculative and depends on nothing more than his assumption about how data brokers generally operate.

The Complaint never alleges that LiveRamp actually collected identifying private information from him that implicates a protectable privacy interest. And Allen's counsel is well aware of the types of facts courts have found lacking, as they have pursued identical claims in multiple prior actions. *See Kishnani*, 2025 WL 1745726 (dismissing for lack of standing because the plaintiff alleged only generalized tracking and data extraction, failed to allege any specific information actually collected from him, and relied on hypothetical capabilities rather than concrete, individualized harm); *see also Gutierrez*, 2025 WL 1895315, at *1 (affirming dismissal where the plaintiff presented no evidence that a third-party provider accessed or intercepted any of her website communications, offering only materials showing what the provider could theoretically do, which was insufficient to establish a CIPA violation); *Mitchener*, 2025 WL 1822801, at *6–8 (granting dismissal because the plaintiff alleged no facts about her interaction with the website, identified no personal information actually collected, and relied instead on generic descriptions of what the TikTok cookie could collect, which was insufficient to show a concrete injury); *Heiting*, 2025 WL 736594, at *2–3 (dismissing for lack of standing because the plaintiff failed to allege when she visited, what she did, what information she provided, what information was captured, or any facts suggesting she was actually identified or de-anonymized); *Hughes*, 2024 WL 5179916, at *4–5 (finding that the plaintiff failed to establish standing where

the plaintiff "does not allege any of the basic facts concerning her interaction with the Website," including when she visited, what occurred, or what information was actually collected, rendering the complaint's assertions "vague as to many, if not all, of the details" and insufficient to show any concrete injury"). Allen's Complaint replicates the same deficiencies that courts have repeatedly held inadequate to establish Article III standing. This Court should reach the same conclusion, as the Complaint is devoid of detail for a simple reason: there are no facts to support the claim. Accordingly, Allen fails to plausibly allege that LiveRamp collected *his* specific and cognizable private information that implicates a protectable privacy interest.

**4. Even Assuming Collection, the Information was Anonymous**

Finally, even if this Court finds that Allen plausibly alleged an interaction with the Website that led to LiveRamp collecting private information in which he has a "protectible privacy interest," Allen has no privacy injury because he alleges no facts showing that any collected data was tied to him as an identifiable individual, and thus the collection was anonymous. *Compare Hughes*, 2024 WL 5179916, at *5 (finding lack of Article III standing where plaintiff "does not clearly allege what personalized information of hers was actually collected"); *with R.C. v. Sussex Publishers, LLC*, No. 24-CV-02609-JSC, 2025 WL 948060, at *4 (N.D. Cal. Mar. 28, 2025) (Corley, J.) (distinguishing *Hughes* because plaintiff alleged that information that the defendant collected was personally identifying information); *see also Barclift v. Keystone Credit Servs*., LLC, 93 F.4th 136, 144 (3d Cir. 2024) (characterizing harm caused by public disclosure of private information as "the humiliation that accompanies the disclosure of sensitive or scandalizing private information to public scrutiny").

Allen does not allege submitting any personally identifying information on the Website nor did he submit any forms, create an account, or make a purchase. Allen only alleges that by visiting the Website on July 18, 2025, "[his] identifying information by way of electronic impulses was sent to LiveRam." [ECF No. 1 at ¶ 33]. That assertion does not satisfy Article III. Nothing in the Complaint suggests that any specific personal information collected could be linked back to Allen as an identifiable individual. Accordingly, no privacy injury exists.

For the reasons above, Allen fails to demonstrate Article III standing for his CIPA claims.

**C. <u>Allen Fails to Plausibly Allege a CIPA § 638.51 Claim</u>**

Alternatively, Allen's Complaint also failed under Federal Rule of Civil Procedure 12(b)(6) because Courts have held that the collection of private information, in additional to an Article III requirement, is also a substantive requirement. *See, e.g.*, *Aviles v. Liveramp, Inc*., 2025 WL 487196, at *2 (Cal. Super. Ct. Jan 28, 2025).

**1. Fed. R. Civ. P. 12(b)(6) Standard**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Iqbal*, 556 U.S. at 678) (emphasis added). "On a motion to dismiss, the Court accepts the material facts alleged in the complaint, together with all reasonable inferences to be drawn from those facts, as true." *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-CV-01393-JST, 2017 WL 2672113, at *1 (N.D. Cal. Jan. 19, 2017) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). However, the Court need not assume the truth of legal conclusions merely because they are pleaded in the form of factual allegations. *Iqbal*, 556 U.S. at 677–79; *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (*per curiam*). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see Esparza v. Gen Digital Inc.*, No. CV 23-8223-KK-AGRX, 2024 WL 655986 (C.D. Cal. Jan. 16, 2024) at *2 ("The court, however, need not accept as true a legal conclusion couched as a factual allegation") (internal quotations omitted).

**2. Allen Fails to Adequately Allege a CIPA § 638.51 Violation**

California Superior Courts have recently held that CIPA § 638.51 substantively requires the interception of private information to be actionable. *Aviles*, 2025 WL 487196, at *2 (collection of IP addresses was insufficient); *Rodriguez*, 2024 WL 3886811, at *3–4 (finding that plaintiff failed to allege a concrete injury-in-fact by alleging collection of non-private information); *Licea v. Hickory Farms LLC*, No. 23STCV26148, 2024 WL 1698147, at *4 (Cal. Super. Ct. Mar. 13,

2024) (holding that an IP address alone does not constitute protected "unique fingerprinting" or qualifying content under CIPA, and dismissing because the complaint alleged no actually acquired private information). Accordingly, for the same reasons Allen fails to demonstrate Article III standing, he also fails to establish a substantive violation of CIPA. *See* § III(B), *supra*.

## IV. CONCLUSION

For all of the foregoing reasons, this Court should dismiss Allen's Complaint with prejudice.

Dated: December 8, 2025 CLARK HILL

*/s/ Myriah V. Jaworski*

By: ______________________________

Myriah V. Jaworski

*Attorneys for Defendant Interplay Learning, Inc.*